

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,254-01

### EX PARTE ROBERT EUGENE BARGANSKI, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. A-06-5019-CR(HC1) IN THE 36TH DISTRICT COURT
### FROM ARANSAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to twenty-five years' imprisonment. He did not appeal his conviction.

Applicant contends that his trial counsel rendered ineffective assistance because he did not consult with a medical expert to review the medical records and determine whether in fact the complainant was pregnant. He alleges that the medical records from the complainant's treatment after this incident show that she was not actually pregnant, and if she was not pregnant, then he could

not have been found guilty of this murder.

On January 13, 2016, this Court remanded the application to obtain a response from counsel and findings from the trial court. On January 31, 2017, the trial court signed amended findings of fact which recommended denying relief. The amended findings of fact state that "on December 9, 2016, the Trial Court conducted a hearing...." The reporter's record from that hearing was not provided to this Court.

The trial court shall provide this Court with the reporter's record of any hearing referenced in its findings of fact and any other hearing held regarding this application. The trial court may also make any other supplemental findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief, if necessary.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 1, 2017
Do not publish